

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

UNITED STATES OF AMERICA, §
§
v. § Case No, 4:08-cr-145(1)
§
PHILLIP G. KELLAR, §
    Defendant. §

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS

Before the court is Phillip Kellar's "Motion to Dismiss" (de # 34) and the Government's Response (de # 36) thereto. Having considered the Motion, the arguments of counsel and the relevant legal principles, the court is of the opinion that the Motion should be DENIED.

In Count One of the Indictment, the Government has charged Kellar with a violation of 26 U.S.C. § 7201, or tax evasion. The Indictment, which was filed on July 9, 2008, charges Kellar with evading taxes going back to the tax year of 2000. The Government specifies in the Indictment that Kellar and his wife, who is a codefendant in this action, took various actions to conceal unpaid taxes from the Internal Revenue Service that they incurred in 2000-2003. The statute of limitations for Section 7201 actions is 6 years. 26 U.S.C. § 6531 (2006). Kellar seeks dismissal of the allegations insofar as they relate to taxes that were due prior to six years before the Indictment was filed.

Kellar relies on *United States v. Williams*, 928 F.2d 145 (5th Cir. 1991). There, the court stated that "the limitations period for a prosecution under section 7201 in which no tax return was filed begins to accrue the day the return is due," rather than on the date the defendant committed the first fraudulent act. *Id*. at 149. Kellar rests on this quote to support his position that the statute of limitations began to run, for example, on April 16, 2001 regarding his year 2000 tax return because that is the date the return became delinquent. What Kellar neglects about the *Williams* case is the

next sentence, which states "[w]e express no opinion relative to the effect of affirmative acts occurring subsequent to the filing date." *Id.*; *see also id.* at n.7. *Williams* expressly left open the precise question that Kellar's Motion implicates: whether the statute of limitations begins to run once the defendant's tax return becomes due or after subsequent acts of concealment.

While the Fifth Circuit has not addressed that question, two district courts in this circuit have done so, and both reach the same result as every circuit court to have considered the question. *United States v. Thomas*, Cr. Act. No. 06-30031-01/02, 2007 U.S. Dist. LEXIS 84464, at *4-5 (W.D. La. Nov. 14, 2007); *United States v. Molaison*, Cr. Act. No. 04-223, 2005 U.S. Dist. LEXIS 2224, at *15 (E.D. La. Feb. 14, 2005) (citing cases from other circuit courts of appeal). This court agrees with those courts that "an indictment is timely as long as there is one act of evasion within the six-year period prior to the date of the indictment." *Thomas*, 2007 U.S. Dist. LEXIS, at *5; *accord Molaison*, 2005 U.S. Dist. LEXIS 2224, at *15. Because the indictment does allege acts of evasion occurring within the six-year limitation period, Kellar's Motion is not well-founded.

Based on the foregoing, the court is of the opinion that Phillip Kellar's "Motion to Dismiss" (de # 34) should be, and hereby is, DENIED.

IT IS SO ORDERED.

**SIGNED this the 22nd day of December, 2008.**

_Richard A. Schell_
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE