IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CASE NO. 4:08cr145(1) |
| | § | |
| PHILIP KELLAR | § | |

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO EXTEND TIME TO FILE NOTICE OF APPEAL**

Pending before the court is Defendant Philip Kellar's "Motion to Extend Time to File Notice of Appeal" (docket entry #127). A response from the Government is not necessary. Having considered the Defendant's motion, the court finds that the same should be granted.

On December 16, 2009, the court entered judgment against the Defendant. Counsel for the Defendant filed a motion for extension of time to file a notice of appeal pursuant to Rule 4(b)(4) of the Federal Rules of Appellate Procedure on December 30, 2009. The Defendant appears to argue that his notice of appeal was not timely filed within the parameters of the Federal Rules of Appellate Procedure.

As of December 1, 2009, Rule 4(b)(1) of the Federal Rules of Appellate Procedure affords a criminal defendant 14 days after the entry of judgment to file a notice of appeal. Rule 26(a) of the Federal Rules of Appellate Procedure provides that the date the judgment is entered is excluded from the computation of time. Therefore, the final day for the Defendant to file a timely notice of appeal was December 30, 2009.

Interestingly, had the Defendant interpreted the Federal Rules of Appellate Procedure correctly, the Defendant's notice of appeal would have been timely filed. However, pursuant to Rule

4(b)(4) of the Federal Rules of Appellate Procedure, a district court may grant an additional thirty (30) days in which to file a notice of appeal upon a finding of excusable neglect or good cause. Since the Defendant filed his motion for extension of time to file his notice of appeal within the additional thirty (30) day period, the court must determine whether the untimely filing of the notice of appeal was due to excusable neglect or good cause.

According to the Defendant's motion for extension of time, counsel for the Defendant asserts that his law office was closed for the holidays and he was ill during the holidays. As such, the Defendant requests an extension of time to file his notice of appeal.

In *Pioneer Investment Services, Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993), the United States Supreme Court established the following factors to determine excusable neglect:

> Because Congress has provided no other guideposts for determining what sorts of neglect will be considered "excusable," we conclude that the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding that party's omission. These include, as the Court of Appeals found, the danger of prejudice [ ], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

*Pioneer*, 113 S.Ct. at 1498 (footnotes omitted).[1]

It appears to the court that counsel for the Defendant simply made a mistake with respect to computing the time for filing a notice of appeal. In light of the fact that the notice of appeal would have been timely filed, the court finds that it is unlikely that the Government will suffer any prejudice. The Defendant, however, may be greatly prejudiced by the court's disallowance of his

---

[1]Although *Pioneer* involved a bankruptcy action, the Fifth Circuit determined that "*Pioneer* controls determinations of excusable neglect under Rule 4(b)." *United States v. Clark*, 51 F.3d 42, 44 (5th Cir. 1995).

appeal. Accordingly, any failure to file a timely notice of appeal was excusable. FED. R. APP. P. 4(b)(4). It is, therefore,

**ORDERED** that Defendant Philip Kellar's "Motion to Extend Time to File Notice of Appeal" (docket entry #127) is **GRANTED**. The Clerk of the Court shall docket the Defendant's notice of appeal as of this date.

**SIGNED this the 5th day of January, 2010.**

_____
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE